# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS L. PAYNE, SID ARCHINAL, GARY H. KARESH, JO ANN KARESH, BELCA D. SWANSON AND MERLE K. SWANSON individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>        Defendants. | **CIVIL ACTION NO. 02-1927**<br><br>**<u>CLASS ACTION</u>**<br><br>**Chief Judge Donetta W. Ambrose** |
| ALBERT L. GLOVER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>        Defendants. | **CIVIL ACTION NO. 03-0288**<br><br>**CLASS ACTION**<br><br>**Chief Judge Donetta W. Ambrose** |

**STIPULATION OF SETTLEMENT**

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated as of April 21, 2009 is made and entered into by and among (i) lead plaintiffs Albert L. Glover, Thomas L. Payne, Sid Archinal, Gary H. Karesh, Jo Ann Karesh, Belca D. Swanson, and Merle K. Swanson (collectively "Lead Plaintiffs"), (ii) the Settlement Class (as defined herein) (the Settlement Class and Lead Plaintiffs are collectively herein referred to as the "Plaintiffs" unless otherwise noted), (iii) defendants Anthony J. DeLuca, Harry J. Soose, Francis J. Harvey, James C. McGill, Daniel A. D'Aniello, Philip B. Dolan, Robert F. Pugliese, E. Martin Gibson, Richard Pogue, and James David Watkins (collectively the "Defendants" or "Individual Defendants"), by and through their respective counsel of record in the Litigation.  The parties to this Stipulation (including the Plaintiffs and the Individual Defendants) shall collectively be referred to as the "Parties."  This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

## I.      THE LITIGATION

### A.      Procedural History Of The Litigation

This litigation comprises two federal securities law class actions regarding IT Group ("ITG," "IT Group," or "the Company"), formerly a New York Stock Exchange-listed company (collectively the "Action").

The first action, *Payne v. DeLuca et al.* ("*Payne*"), W.D. Pa., Case No. 02-1927, was filed on behalf of purchasers of ITG securities in a class period from February 24, 2000 to January 15, 2002, spanning the time from ITG's press release reporting full-year 1999 financial results until ITG's bankruptcy.  Plaintiffs filed an amended complaint in *Payne* on February 28,

2003 and concurrently initiated the case of *Clair v. DeLuca et al.*, W.D. Pa., Case No. 03-0288, to cover a class period from October 21, 1998 through February 23, 2000.  The *Clair* action was recaptioned on January 26, 2006 to reflect the appointment of Albert Glover as lead Plaintiff (hereinafter, "*Glover*") ("GAC").

Defendants' motion to dismiss the *Payne* First Amended Complaint was sustained based on insufficient pleading.  Leave to amend was granted.  The *Payne* Second Amended Complaint ("SAC") was filed on March 2, 2004.  Defendants' motion to dismiss was filed and fully briefed by September 15, 2005.

A First Amended Complaint was filed in *Glover* on March 31, 2006; Defendants' motion to dismiss was fully briefed by April 17, 2006.  On May 2, 2006, the Court granted the *Payne* motion to dismiss entering final judgment and dismissing with prejudice on three independent bases, published at 433 F. Supp. 2d 547 (hereinafter the "*Payne*" decision).  On May 15, 2006, Plaintiffs filed a motion for reconsideration and a motion to alter judgment to allow leave to amend, both pursuant to Fed. R. Civ. P. 59.  On September 29, 2006, the Court granted the motion to dismiss *Glover*, which appears at 2006 WL 2850448 (W.D. Pa. Sept. 29, 2006) (the "*Glover*" decision).  On December 11, 2006, the Court denied both Rule 59 motions.  *See* 2006 WL 3590014.

On January 5, 2007, Plaintiffs moved for reconsideration pursuant to Fed. Civ. P. 60 for relief from the May 2, 2006 dismissal order, based on newly-discovered evidence.  On April 2, 2007, that motion was denied.

On October 16, 2006, Plaintiffs in *Glover* filed a notice of appeal to the Third Circuit Court of Appeals, appealing the dismissal of their Amended Complaint.  On January 8, 2007,

Plaintiffs in *Payne* filed a notice of appeal to the Third Circuit Court of Appeals, appealing the dismissal of the Second Amended Complaint and the denial of their Rule 59 motions.

On May 9, 2008, Lead Plaintiffs submitted to the Court of Appeals a Stipulation of Dismissal with prejudice of Individual Defendants Robert F. Pugliese, E. Martin Gibson, Richard Pogue, and  James David Watkins.

On May 15, 2008, Plaintiffs in both actions filed their consolidated brief to the Third Circuit Court of Appeals ("the Appeal").  The Appeal was fully briefed and oral argument before the Third Circuit was scheduled for February 3, 2009.

On February 1, 2009, the Parties agreed to a settlement in principle in this Action, and memorialized the general terms of their agreement in a Memorandum of Understanding (hereinafter referred to as the "MOU").  Because this Court was divested of jurisdiction in the Action when Plaintiffs filed notices of appeal, on February 1, 2009 the Parties requested that the Third Circuit continue oral argument scheduled for February 3, 2009, and grant a limited remand of the Action to this Court for consideration of the proposed settlement.  The Parties further requested that the Third Circuit retain jurisdiction over the Action pending this Court's review and approval of the proposed settlement, as provided by Third Circuit Internal Operating Procedure 7.1.  The Third Circuit granted the Parties' request by Order dated February 2, 2009.

**B.     Individual Defendants' Denials Of Wrongdoing And Liability**

Individual **D**efendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiffs in the Action.  Individual Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of the conduct, statements, acts or omissions alleged, or which could have been alleged in the Action.  Individual Defendants also have denied, *inter alia*, that Lead Plaintiffs or the Settlement Class

have suffered damages; that the price of ITG's common stock was artificially inflated by reason

of the alleged misrepresentations, omissions, or otherwise; that Lead Plaintiffs and/or the

Settlement Class were harmed by the conduct alleged in the Action; and that Individual

Defendants knew of or were reckless with respect to the alleged misconduct.  In addition,

Individual Defendants maintain that they did not engage in wrongdoing and have meritorious

defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation,

especially in complex cases, Individual Defendants have concluded that further litigation of the

Action may be protracted, burdensome, and expensive, and that it is desirable , beneficial and

expedient that the Action be fully and finally settled and terminated in the manner and upon the

terms and conditions set forth in this Stipulation.

This Stipulation, and all related documents, shall not be construed as or deemed to be

evidence of, or an admission or concession on the part of any Individual Defendant, or any of

Individual Defendants' Corresponding Released Parties (defined below), with respect to any

claim of any fault or liability or wrongdoing or damage whatsoever.  The Parties, and each of

them, shall not assert or pursue any action, claim or rights that any party hereto violated any

provision of Rule 11 of the Federal Rules of Civil Procedure.  Further, the Parties, and each of

them, will not deny in any statement made to any media representative that the class actions were

dismissed with prejudice by the District Court and that the Action, while on appeal by the

Plaintiffs, is being settled voluntarily after consultation with competent counsel.  The Parties, and

each of them, and their counsel agree that the Action was resolved in good faith following arm's

length bargaining, confers substantial benefits upon the Settlement Class and, based upon their

evaluation, is in the best interests of the Individual Defendants as well as Lead Plaintiffs and the Settlement Class.

### C.     Plaintiffs' Claims And The Benefits Of Settlement

Lead Plaintiffs believe that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the GAC and SAC, developed through their investigation to date, supports the claims.  Additionally, Lead Plaintiffs' Counsel has researched the applicable law with respect to Plaintiffs' claims and believe they could successfully refute any defenses to their claims raised by Individual Defendants.  Nonetheless, Lead Plaintiffs and their counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Individual Defendants through the appeal and any subsequent trial and/or further appeals.  Lead Plaintiffs and their counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiffs and their Counsel are mindful of the inherent problems of proof of and possible defenses to the federal securities law violations asserted in the Action, including, but not limited to, proof of damages and proof of Individual Defendants' state of mind under the requirements of the securities laws.  Lead Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein.  Therefore, Lead Plaintiffs believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Lead Plaintiffs and their Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation.

**II.**   **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

    **A.**   **Introduction**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Lead Plaintiffs, the Settlement Class, and each of them, and Individual Defendants, and each of

them, by and through their respective undersigned counsel or attorneys of record that, subject to

approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in

consideration of the benefits flowing to the Parties from the Settlement set forth herein, the

Litigation and the Released Claims shall be finally and fully compromised, settled and released,

and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms

and conditions of this Stipulation.

    **B.**   **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any member of the Settlement Class who is a

claimant as defined below and whose claim for recovery has been allowed pursuant to the terms

of this Stipulation.

1.2   "Claimant" means any Settlement Class Member (as defined below) who files a

Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3   "Claims Administrator" means the firm of The Garden City Group, Inc., which

shall administer the Settlement.

1.4   "Court" means the United States District Court for the Western District of

Pennsylvania.

1.5      "Defendants" and "Individual Defendants" means only Anthony J. DeLuca,

Harry J. Soose, Francis J. Harvey, James C. McGill, Daniel A. D'Aniello, Philip B. Dolan,

Robert F. Pugliese, E. Martin Gibson, Richard Pogue, and James David Watkins.

1.6      "Defendants' Counsel" means the law firms of:  (1) Latham & Watkins LLP,

solely in its capacity as counsel for certain Individual Defendants; (2) Fox Rothschild LLP; and

(3) Eckert Seamans Cherin & Mellott, LLP.

1.7      "Effective Date of Settlement" or "Effective Date" means the first date by which

all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have

occurred.

1.8      "Escrow Agent" means jointly The Garden City Group, Inc., or its successor, and

Lead Plaintiffs' Counsel.

1.9      "Final" means one business day following the later of the following events:  (i)

the date upon which the time expires for filing or noticing any appeal of the Court's Final

Judgment and Order of Dismissal With Prejudice, approving the Settlement substantially in the

form of Exhibit B hereto -- *i.e.*, thirty (30) days after entry of the Final Judgment, other than an

appeal solely with respect to attorneys' fees and reimbursement of expenses; and (ii) if there is

an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and

reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in

place the Final Judgment and Order of Dismissal With Prejudice without any material

modification, of all proceedings arising out of the appeal or appeals (including, but not limited

to, the expiration of all deadlines for motions for reconsideration or petitions for certiorari, all

proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or

appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

1.10    "Final Judgment and Order of Dismissal With Prejudice" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.11    "Lead Plaintiffs' Counsel," "Lead Counsel" or "Plaintiffs' Counsel" means the law firm of Glancy Binkow & Goldberg LLP.

1.12    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is to be sent to members of the Settlement Class substantially in the form attached hereto as Exhibit A-1.

1.13    "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

1.14    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust,  unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.15    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of this Stipulation and Individual Defendants shall have no responsibility or liability with respect thereto.

1.16    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.17    "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing Thereon to be published in *Investor's Business Daily*, substantially in the form attached as Exhibit A-3.

1.18    "Released Plaintiffs' Claims" means, with respect to the Individual Defendants, all claims (including "Unknown Claims" as defined herein), demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, that were alleged in the Action, or that could have been alleged in the Action, or any other proceeding (including, but not limited to, any claims arising under federal, state or common law or any other law, rule or regulation, including the federal securities laws and any state disclosure law), whether  fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class, derivative and/or individual in nature, relating to the purchase of IT common stock during the Settlement Class Period (as hereinafter defined), or which have arisen, could have arisen, arise now, or hereafter may arise out of, or relate in any manner to the matters complained of or which could have been complained of in the Action.

1.19    "Released Defendants' Claims" means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, derivative, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against Plaintiffs and their Corresponding Released Parties, arising out of the instituting,

prosecution, settlement or resolution of the Action, belonging to the Individual Defendants or any of their Corresponding Released Parties (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside of the United States), provided however, that the Individual Defendants and the Released Parties shall retain the right to enforce in the Court the terms of this Stipulation.

     1.20    "Released Parties" means the Plaintiffs, Defendants, and each of the Plaintiffs' and Defendants' respective Corresponding Released Parties.  "Defendants' Corresponding Released Parties" shall mean each and every past and current Individual Defendant and, whether or not identified in any complaint filed in the Action, each Defendant's past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, investment bankers, commercial bankers, underwriters, financial or investment advisors, consultants, accountants, insurers, reinsurers, assigns, spouses, heirs, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries.  For sake of clarification, it is understood that Defendants' Corresponding Released Parties shall not include The Carlyle Group or, with the exception of Messrs. D'Aniello and Dolan in their capacity as Individual Defendants as defined herein, The Carlyle Group's past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, investment bankers, commercial bankers, underwriters, financial or investment advisors, consultants, accountants, insurers, reinsurers, assigns, spouses, heirs, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees,

settlers or beneficiaries (collectively, "the Carlyle Group").  "Plaintiffs' Corresponding Released Parties" shall mean any and all of Plaintiffs' respective present or past, and/or their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which any Plaintiff has a controlling interest or which is related to or affiliated with Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Action.

      1.21    "Settled Claims" means all of the Released Claims, and/or Released Defendants' Claims against the Plaintiffs and their Corresponding Released Parties.

      1.22    "Settlement" means the settlement embodied in this Stipulation.

      1.23    "Settlement Class" means all Persons (including Lead Plaintiffs and other named Plaintiffs) who purchased ITG common stock during the period October 21, 1998 through January 15, 2002, inclusive.  Excluded from the Settlement Class are all defendants in the Action; the members of Individual Defendants' immediate families; all individuals who served as officers and directors of ITG or its subsidiaries at any time during the Settlement Class Period; any person, firm, trust, corporation, or entity in which any defendant in the Action has a controlling interest or any entity which is related to or affiliated with any defendant in the Action; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such

excluded persons.  Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

1.24    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth in ¶1.23.

1.25    "Settlement Class Period" means the period from October 21, 1998 through January 15, 2002, inclusive.

1.26    "Settlement Fund" means the Principle Amount of Three Million Four Hundred Thousand dollars ($3,400,000.00) in cash which will be deposited by the Individual Defendants' Directors and Officers Liability Insurer ("D&O Insurer") into an account designated by the Escrow Agent within thirty (30) days of entry of an order by the Court granting preliminary approval of the Settlement, in accordance with the terms of the MOU and this Agreement.

1.27    "Supplemental Agreement" means the Supplemental Agreement among the Parties as described in Paragraph 8.3 hereof.

1.28    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal With Prejudice shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to

have, and by operation of the Final Judgment and Order of Dismissal With Prejudice shall have,

expressly waived any and all provisions, rights and benefits conferred by any law of any state or

territory of the United States, or principle of common law, which is similar, comparable or

equivalent to California Civil Code §1542.  Lead Plaintiffs and Settlement Class Members may

hereafter discover facts in addition to or different from those which he, she or it now knows or

believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs

shall expressly fully, finally and forever settle and release, and each Settlement Class Member,

upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and

Order of Dismissal With Prejudice shall have, fully, finally, and forever settled and released, any

and all Released Claims, known or unknown, suspected or unsuspected, contingent or

noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed,

upon any theory of law or equity now existing or coming into existence in the future, including,

but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of

any duty, law or rule, without regard to the subsequent discovery or existence of such different or

additional facts.  Lead Plaintiffs acknowledge, and the Settlement Class Members shall be

deemed by operation of the Final Judgment and Order of Dismissal With Prejudice to have

acknowledged, that the foregoing waiver was separately bargained for and a key element of the

Settlement of which this release is a part.

C.    **The Settlement**

**The Settlement Consideration**

2.1    As due and sufficient consideration for the full and final settlement of all claims

asserted or which could have been asserted in the Action, Individual Defendants will provide the

following, each of which is a bargained-for element of the Settlement and is integral to the

Settlement:

(i)    Within thirty (30) days of entry of an order by the Court granting

preliminary approval of the Settlement, the Individual Defendants shall cause their D&O Insurer

to pay the cash sum of three million four hundred thousand dollars ($3,400,000.00) ("the

Settlement Fund") into an interest-bearing escrow account at a financial institution designated by

Lead Plaintiffs' Counsel, under the control of the Escrow Agent (the "Escrow Account").  The

Settlement Fund shall be inclusive of all legal fees and costs to be awarded to Lead Plaintiffs'

Counsel, as well as all other fees, costs and other expenses, and shall represent the total amount

of all settlement payments to be made by the Individual Defendants.  The Settlement Fund and

any interest earned thereon shall be the "Gross Settlement Fund."

(ii)    Each Individual Defendant shall provide to Plaintiffs a release of the

Released Defendants' Claims, as set forth herein.

**Handling And Disbursement Of Funds By The Escrow Agent**

2.2    No monies will be disbursed from the Settlement Fund until after the Effective

Date except:

(i)    As provided in ¶ 2.7 below;

(ii)    To pay Taxes and Tax Expenses (as defined in ¶ 2.8 below) on the income

earned by the IT Securities Litigation Settlement Fund.  Taxes and Tax Expenses shall be paid

out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement

and shall be timely paid by the Escrow Agent without prior Order of Court; or

        (iii)     To pay attorneys fees/expenses as ordered by the court and pursuant to ¶

5.2(iii) and ¶ 6.1 below.

      2.3     The Escrow Agent shall invest any funds deposited in the Escrow Account in

excess of $100,000.00 in short term United States Agency or Treasury Securities, backed by the

full faith and credit of the United States Government or fully insured by the United States

Government or agency thereof, and shall reinvest the proceeds of these instruments as they

mature in similar instruments at their then-current market rates.  Any funds held in escrow in an

amount of $100,000.00 or less may be held in an interest-bearing account insured by the FDIC.

The Escrow Agent shall bear all risks related to the investment of the Settlement Fund.  Lead

Plaintiffs shall indemnify and hold harmless the Individual Defendants and/or their designee who

contributes to the Settlement Fund in the event of any default by the Escrow Agent.

      2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in

this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel

and Lead Plaintiffs' Counsel.

      2.5     Subject to further order and/or direction as may be made by the Court, the Escrow

Agent is authorized to execute such transactions on behalf of the Settlement Class as are

consistent with the terms of this Stipulation.

      2.6     All funds held by the Escrow Agent shall be deemed and considered to be in

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed or returned to the parties who deposited such funds

pursuant to this Stipulation and/or further order(s) of the Court.

2.7     Immediately after entry of the Court's order preliminarily approving the Settlement, the Escrow Agent may, without further approval from Individual Defendants or the Court, disburse at the direction of Lead Plaintiff's Counsel up to $100,000 from the Gross Settlement Fund to pay the reasonable costs and expenses associated with the administration and notice of the Settlement (the "Class Notice and Administration Fund"), including, without limitation:  the cost of identifying and locating members of the Settlement Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursement to nominee owners for forwarding notice to their beneficial owners); soliciting Settlement Class claims; assisting with the filing of claims, administering and distributing the Net Settlement Fund (as defined below) to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any; and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  Individual Defendants shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any awards of Plaintiffs' attorneys fees, costs and expenses.  Any such awards shall be paid solely by the Settlement Fund.

**Taxes**

2.8     The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in

compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(i)     For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.8) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.8(iii) hereof.

(ii)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Individual Defendants, the D&O Insurer or Defendants' Counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and expenses and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund. Individual Defendants, the D&O Insurer and Defendants' Counsel shall have no liability or

17

responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.  Lead Plaintiff shall cause the Escrow Agent to indemnify and hold each of the Individual Defendants, D&O Insurer and Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Lead Plaintiff shall cause the Escrow Agent to be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)).  Neither Individual Defendants, the D&O Insurer nor Defendants' Counsel are responsible therefor nor shall they have any liability with respect thereto.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.  Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation § 1.468B-3(e).

(iii)     For the purpose of this ¶ 2.8, references to the Settlement Fund shall include both the Settlement Fund and Class Notice and Administration Fund, and shall also include any earnings thereon.

**Termination of Settlement**

2.9     Lead Plaintiffs, on behalf of the Settlement Class, or Individual Defendants, and any of them, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of:  (i) the Court's declining to enter the Order for Notice and Hearing in any

material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Court's declining to enter the Final Judgment and Order of Dismissal with Prejudice in any material respect; (iv) the date upon which the Final Judgment and Order of Dismissal with Prejudice is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment (defined in ¶ 8.1(iv) below) is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

2.10    If a case is commenced in respect of any Individual Defendant under Title 11 of the United States Code or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Escrow Account of any portion thereof on behalf of such Individual Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is thus required to be returned, and such amount is not promptly deposited to the Gross Settlement Fund by other Individual Defendants, then, at the election of Lead Plaintiffs' Counsel, the Parties shall jointly move the Court to vacate and set aside the Releases given and Final Judgment and Order of Dismissal with Prejudice dismissing the Action entered pursuant to this Stipulation and Settlement, which releases and Final Judgment Order of Dismissal with Prejudice shall be null and void, and the Parties shall be restored to their respective positions in the Action as of February 1, 2009, and any cash amounts in the Escrow Account shall be returned in the manner set forth in ¶ 8.5.

### D.    Order For Notice Of Settlement Hearing

3.1    Promptly after execution of this Stipulation, Lead Plaintiffs' Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of an

Order for Notice and Hearing, approval for the mailing and publication of the Notice and

Publication Notice, substantially in the form of Exhibits A-1 and A-3 hereto, which shall include

the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation,

the general terms of the Fee and Expense Application as defined in ¶ 6.1 below and the date of

the Settlement Hearing as defined below.

       3.2     At the time of the joint submission described in ¶ 3.1, Lead Plaintiffs' Counsel

and Defendants' Counsel shall also jointly request that, after Notice is given, the Court hold a

hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.

At or after the Settlement Hearing, Lead Plaintiffs' Counsel also will request that the Court

approve the proposed Plan of Allocation and the Fee and Expense Application.

### E.    Releases, Dismissal of Appeal and Withdrawal of Preservation Subpoena

       4.1     As between the Lead Plaintiffs, the Settlement Class and the Individual

Defendants, the obligations incurred pursuant to this Stipulation shall be a full and final

disposition of the Action, any and all Released Plaintiffs' Claims, and any and all Released

Defendants' Claims, as against all of the respective Released Parties; provided, however, that in

no event shall this constitute a release of any claims whatsoever that the Individual Defendants

may have against The Carlyle Group or its insurers or any other party, other than the Plaintiffs,

and each of them, and any and all of the  Plaintiffs' Corresponding Released Parties.

       4.2     Upon entry of the Final Judgment and Order of Dismissal With Prejudice,

Plaintiffs shall promptly dismiss the Appeal with prejudice.

       4.3     Upon the Effective Date, as defined in ¶ 1.9, Plaintiffs, and each of them, on

behalf of themselves and their Corresponding Released Parties, shall be deemed to have, and by

operation of the Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally,

and forever released, relinquished and discharged all Released Plaintiffs' Claims against the

Individual Defendants, and each of them, and any and all of their Corresponding Released

Parties, whether or not any individual Settlement Class Member executes and delivers the Proof

of Claim.  Delivery of a Proof of Claim executed by a Settlement Class Member shall release all

Released Plaintiffs' Claims against the Individual Defendants and their Corresponding Released

Parties.

4.4     Upon the Effective Date, as defined in ¶ 1.9, the Individual Defendants, and each

of them, on behalf of themselves and their successors and assigns, shall be deemed to have, and

by operation of the Final Judgment and Order of Dismissal with Prejudice shall have, fully,

finally, and forever released, relinquished and discharged all Released Defendants' Claims

against Plaintiffs, and each of them, and any and all of the Plaintiffs' Corresponding Released

Parties including, but not limited to, Plaintiffs' Counsel.

4.5     Only those Settlement Class Members filing valid and timely Proof of Claim and

Release forms shall be entitled to participate in the Settlement and receive a distribution from the

Settlement Fund.  The Proof of Claim and Release to be executed by Settlement Class Members

shall release all Released Claims against the Released Persons, and shall be substantially in the

form contained in Exhibit A-2 attached hereto.  All Settlement Class Members shall be bound by

the releases set forth in this Section E, whether or not they submit a valid and timely Proof of

Claim and Release.

4.6     Upon entry of an order by the Court granting preliminary approval of the

Settlement, the Parties shall promptly withdraw the document preservation subpoena issued to

the IT Litigation Trust in *Payne*, and the Parties acknowledge that the Trust shall have no further

obligations to retain the documents in its custody.  All electronic and other documents in the

possession of the parties with relevance to the Action shall be maintained until thirty (30) days after the Final Judgment and Order of Dismissal With Prejudice has become Final.

> **F.** **Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

5.1    Under the supervision of Lead Plaintiffs' Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2    The Gross Settlement Fund shall be applied as follows:

(i)    To pay the Taxes and Tax Expenses described in ¶ 2.8 above;

(ii)    To pay all the costs and expenses reasonably and actually incurred in connection with settlement administration, including, but not limited to, locating members of the Settlement Class, providing Notice, soliciting Settlement Class claims, assisting with the filing of claims, processing Proof of Claim forms, making administrative determinations concerning the acceptance or rejection of submitted claims, administering and distributing the Settlement Fund to Authorized Claimants, paying escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

(iii)    To pay Plaintiffs' Counsel's attorneys' fees, and expenses with interest thereon, as provided in ¶6.1 (the "Fee and Expense Award"), to the extent allowed by the Court; and

(iv)    To distribute the balance of the Settlement Fund, that is, the Gross Settlement fund less the items set forth in ¶5.2(i), (ii), and (iii) (the "Net Settlement Fund"), and,

thereafter, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)     Any Person falling within the definition of the Settlement Class may be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in ¶10 of the Order for Notice and Hearing, Exhibit A hereto, and is postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing.  All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment and Order of Dismissal with Prejudice and/or other order of the Court herein, whether pursuant to this Stipulation or otherwise.  However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until the Bar Date (defined below) and receive payments pursuant to this Stipulation and Settlement provided the Settlement Class member also submits a valid Proof of Claim, as set forth in subparagraph 5.3(ii), below, prior to the Bar Date;

(ii)     By forty-five (45) days after the Settlement Hearing, or such other time as may be set by the Court (the "Bar Date"), each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or

proof, as are reasonably available to the Authorized Claimant, as Lead Plaintiffs' Counsel, in their discretion, may deem acceptable;

(iii)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Final Judgment and Order of Dismissal with Prejudice and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.

5.4    No Person shall have any claim against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to such charity as the Court may direct and approve.  This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes final, no portion of the Settlement Fund will be returned to the Individual

Defendants or the D&O Insurer.  Individual Defendants and their Corresponding Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.5     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Final Judgment and Order of Dismissal with Prejudice approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

5.6     After notice is given, Lead Counsel will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, and the Parties shall request and obtain from the Court a Final Judgment and Order of Dismissal with Prejudice substantially in the form attached to this Agreement as Exhibit B.

5.7     The Individual Defendants and their Corresponding Released Parties shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.

**G.     Lead Plaintiffs' Counsel's Attorneys' Fees And Reimbursement Of Expenses**

6.1     Lead Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Plaintiffs' Counsel from the Gross Settlement Fund

for:  (a) an award of attorneys' fees not to exceed 33% of the Gross Settlement Fund; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Action (including costs of notice and settlement administration), plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid) as may be awarded by the Court. The Individual Defendants shall take no position on the Fee and Expense Application, so long as it is in accordance with this Stipulation.  Lead Plaintiffs' Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

6.2     The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be paid to Lead Plaintiffs' Counsel from the Settlement Fund, as ordered, two (2) days after the Court executes an order awarding such fees and expenses.  If such payment is to occur prior to the Settlement becoming Final, then prior to receiving any such fees and expenses, and as a condition precedent to the payment to Lead Plaintiffs' Counsel thereof, Lead Plaintiffs' Counsel shall provide to the Escrow Agent a surety bond in the amount of such attorney's fees and expenses, plus accrued interest, and in form and substance approved by the D&O Insurer (the "Surety Bond"), to be held until the Settlement becomes Final.  In the event that the Effective Date does not occur, Lead Plaintiffs' Counsel, and/or the Lead Plaintiffs, shall within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund any fees and expenses previously paid to either or both of them from the Settlement Fund plus interest thereon at the same rate as earned on the cash portion of the Settlement Fund in an amount consistent with such reversal or modification.  If Lead Plaintiffs' Counsel fails to redeposit the attorneys' fees and expenses, and interest thereon, as required herein, the Escrow

Agent shall immediately order the Surety Bond forfeited and shall deposit the forfeited amount in the Settlement Fund. Lead Plaintiffs' Counsel shall remain obligated for any shortfall in the amount of attorneys' fees and expenses, and interest thereon, after the proceeds from the Surety Bond have been applied.

6.3     The procedure for and allowance or disallowance by the Court of any application by Lead Plaintiffs' Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and Order of Dismissal with Prejudice approving this Stipulation and the Settlement of the Litigation.

6.4     Except as set forth in ¶ 2.1 herein, Defendants and their Corresponding Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Plaintiffs' Counsel or any other plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund.

6.5     Defendants and their Corresponding Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation between Plaintiffs' Counsel and/or any other Person who may assert some claim thereto of any Fee and Expense Award that the Court may make in the Action.

**H.     Class Certification**

7.1     In the Final Judgment and Order of Dismissal With Prejudice, the Class shall be certified for purposes of this Settlement only, but in the event that the Settlement is not finally approved by the Court, all Parties reserve all their rights on all issues, including whether a class should be certified.  For settlement purposes only, in connection with the Final Order and Judgment, the Individual Defendants shall consent to (i) certification of this Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Class as defined herein, and (ii) certification of Lead Plaintiffs as the Class Representatives and Co-Lead Counsel as Class Counsel.

**I.     Conditions Of Settlement, Effect Of Disapproval, Cancellation Or Termination**

8.1     The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(i)     Lead Plaintiffs or Individual Defendants have not exercised the right to terminate the Settlement as provided in ¶ 2.9 above.

(ii)     The Court has entered the Order for Notice and Hearing, substantially in the form attached hereto as Exhibit A;

(iii)     The Court has approved the Settlement, following notice to the Class and a hearing, as provided in Rule 23 of the Federal Rules of Civil Procedure, and has entered the Final Judgment and Order of Dismissal with Prejudice, or judgments substantially in the form of Exhibit B; and

(iv)     The Final Judgment and Order of Dismissal with Prejudice has become Final, as defined in ¶1.9, above, or, in the event that the Court enters orders and final judgments

in a form other than that provided above ("Alternative Judgment") and which has the consent of the Parties, such Alternative Judgment becomes Final.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 above, any and all interest or right of Individual Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.  At that time, *i.e.*, the occurrence of the Effective Date, the Escrow Agent shall transfer the Gross Settlement Fund to the Claims Administrator to be distributed in accordance with ¶ 5.2 hereof.

8.3     If prior to the Settlement Hearing, any Persons who otherwise would be Members of the Settlement Class have timely requested exclusion from the Settlement Class in accordance with the provisions of the Order for Notice and Hearing and the notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of IT common stock during the Settlement Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" between the Parties, Individual Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 8.4 – 8.6 hereof, which shall continue to apply. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.  Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to Defendants' Counsel within three (3) business days of receipt by Lead Plaintiffs' Counsel but in no event later than one (1) business day before the Settlement Hearing. Individual Defendants may terminate the Stipulation by serving written notice of termination on

the Court and Lead Plaintiffs' Counsel postmarked on or before five (5) business days after the receipt of all of the copies of the Requests for Exclusion, on or before five (5) business days after the Court grants additional exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last.

8.4     If some or all of the conditions specified in ¶ 8.1 are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated subject to ¶ 8.6 unless those contributing to the Settlement Fund, Lead Plaintiffs' Counsel, and Defendants' Counsel mutually agree in writing to proceed with this Stipulation.  None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein.  If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all of the Parties.

8.5     If this Stipulation is terminated or fails to become effective for the reasons set forth in ¶ 8.1 and ¶ 8.4 above, the Parties and those contributing to the Settlement Fund shall be restored to their respective positions in the Action as of February 1, 2009.  Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within forty-five (45) calendar days after the occurrence of such event, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less taxes, expenses and any costs which have either been disbursed pursuant to ¶¶ 2.7 or 2.8 hereof or are determined to be chargeable to the Class Notice and Administration Fund (but in no event exceeding the sum of $100,000), shall be refunded by the Escrow Agent to the D&O Insurer, pursuant to written

instructions from Individual Defendants or their successor(s)-in-interest.  At the request of

Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on

the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in

connection with such application(s) for refund, pursuant to written direction from Individual

Defendants  or their successor(s)-in-interest.  In the event that the Stipulation is not approved by

the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective

in accordance with its terms, the terms and provisions of this Stipulation, with the exception of

¶¶ 1.1-1.27, 2.7, 2.8, 8.4-8.6, and 9.3 hereof, shall have no further force and effect with respect to

the settling Parties and shall not be used in this Action or in any other proceeding for any

purpose, and any judgment or order entered by the Court in accordance with the terms of this

Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or

reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of

any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall

constitute grounds for cancellation or termination of the Stipulation.

       8.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to

its terms, neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any

amounts actually and properly disbursed from the Class Notice and Administration Fund.  In

addition, any expenses already incurred and properly chargeable to the Class Notice and

Administration Fund pursuant to ¶ 2.7 hereof at the time of such termination or cancellation, but

which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the

Stipulation prior to the balance being refunded in accordance with ¶ 8.5 hereof.

### J.    Miscellaneous Provisions

9.1     The settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Lead Plaintiffs' Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice of Hearing, the Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2     The Parties to this Stipulation intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes which could have been raised in the Action by the Lead Plaintiffs, the Settlement Class, and their Corresponding Released Parties, and each or any of them, against Individual Defendants and their Corresponding Released Parties, Defendants' Counsel, and each or any of them, on the one hand, and by the Individual Defendants and their Corresponding Released Parties, and each or any of them, against the Lead Plaintiffs, the Settlement Class, their Corresponding Released Parties, or other plaintiffs' counsel, and each or any of them, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by the Lead Plaintiffs, or each or any of them, or defended by any the Individual Defendants, or each or any of them, in bad faith or without a reasonable basis.  The Final Judgment and Order of Dismissal with Prejudice will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Parties to this Stipulation further agree that the amount paid to the

Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties to this Stipulation, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Pursuant to 15 U.S.C. § 78u-4(f)(7) of the PSLRA, the Final Judgment and Order of Dismissal With Prejudice shall include a contribution bar order substantially in the following form, as contained in paragraph 15 of the form of Final Judgment and Order of Dismissal With Prejudice that is attached hereto as Exhibit B:

> Pursuant to 15 U.S.C. § 78u-4(f)(7)(A), the Court hereby bars all future claims for contribution arising out of the Action that are required to be barred by 15 U.S.C. § 78u-4(f)(7)(A).  For purposes of clarification, this Bar Order does not bar any claims that are not specifically required to be barred by 15 U.S.C. § 78u-4(f)(7)(A). Moreover, except as specifically required by such section, this Bar Order does not limit the rights of any of the Individual Defendants to bring any claims not specifically required to be barred by such section against any person, and does not limit the rights of any of the Individual Defendants to bring any claims against any person not specifically protected by such section.  To the extent any definition, term or provision set forth in this Order or in the Stipulation could be interpreted to bar claims not specifically barred by this Paragraph 15, such definition, term or provision shall not bar, nor shall such definition, term or provision be construed so as to bar, any such claims.

9.4     Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(i)     may be deemed, or shall be used, offered or received against Individual Defendants or Defendants' Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted

in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Individual

Defendants and their Corresponding Released Parties, or any of them;

(ii)     may be deemed, or shall be used, offered or received against Individual

Defendants, or each or any of them, as an admission, concession or evidence of, any fault,

misrepresentation or omission with respect to any statement or written document approved or

made by any Individual Defendant and their Corresponding Released Parties, or any of them;

(iii)     may be deemed, or shall be used, offered or received against the Lead

Plaintiffs, the Settlement Class, Plaintiffs' Corresponding Released Parties, or each or any of

them, as an admission, concession or evidence of, the validity or invalidity of any of Released

Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or

falsity of any fact alleged by Individual Defendants, or the availability or lack of availability of

meritorious defenses to the claims raised in the Action;

(iv)     may be deemed, or shall be used, offered or received against the Lead

Plaintiffs, the Settlement Class, and Plaintiffs' Corresponding Released Parties, or each or any of

them, or against Individual Defendants, Defendants' Corresponding Released Parties, or each or

any of them, as an admission or concession with respect to any liability, fault or wrongdoing as

against any Parties to the Stipulation, in any civil, criminal or administrative proceeding in any

court, administrative agency or other tribunal.  However, the Settlement, this Stipulation, and any

acts performed and/or documents executed in furtherance of or pursuant to this Stipulation

and/or Settlement may be used in any proceedings as may be necessary to effectuate the

provisions of this Stipulation.  If this Stipulation is approved by the Court, any party or any of

the Corresponding Released Parties may file this Stipulation and/or the Final Order and

Judgment in any action that may be brought against such party or parties in order to support a

defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(v)     may be deemed, or shall be construed against the Lead Plaintiffs, the Settlement Class, and Plaintiffs' Corresponding Released Parties, or each or any of them, or against Individual Defendants, Defendants' Corresponding Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial; and

(vi)     may be deemed, or shall be construed as or received in evidence as an admission or concession against the Lead Plaintiffs, the Settlement Class, and Plaintiffs' Corresponding Released Parties, or each and any of them, or against Individual Defendants, Defendants' Corresponding Released Parties, or each or any of them, that any of their claims are with or without merit or that damages recoverable under the GAC or SAC would have exceeded or would have been less than the Settlement Fund.

9.5     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.6     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.7     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.9     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or covenants have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.10    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party to this Stipulation hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.11    This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or electronic mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts.  A complete set of original executed counterparts shall be filed with the Court.

9.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto and their Corresponding Released Parties.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.14    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of

Pennsylvania and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Pennsylvania without giving effect to that Commonwealth's choice of law principles.

9.15    This Stipulation is deemed to have been prepared by counsel for all parties, as a result of arm's length negotiations among the parties.  Whereas all parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.16    The Parties agree that this Stipulation supersedes the MOU.

Dated: April 21, 2009

GLANCY BINKOW & GOLDBERG LLP

_____
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

Lead Counsel for Plaintiffs

-and-

LATHAM & WATKINS LLP

Laurie B. Smilan
David A. Becker
555 Eleventh Street, N.W.
Suite 1000
Washington, DC  20004
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

Counsel for Defendants Daniel A. D'Aniello, Philip
B. Dolan, Francis J. Harvey, James C. McGill,
Robert F. Pugliese, E. Martin Gibson, Richard
Pogue, and James David Watkins

-and-

FOX ROTHSCHILD LLP

Charles A. DeMonaco
Kimberly Haddox Behling
625 Liberty Avenue
Pittsburgh, PA  15222
Telephone:  (412) 394-6929
Facsimile:  (412) 391-6984

Counsel for Defendant Harry J. Soose, Jr.

-and-

ECKERT SEAMANS CHERIN &
MELLOTT, LLP

Mark A. Willard
John A. Williams, Jr.
600 Grant Street
44th Floor
Pittsburgh, PA  15219
Telephone:  (412) 566-6000
Facsimile:  (412) 566-6099

Counsel for Defendant Anthony J. DeLuca

38