UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS L. PAYNE, SID ARCHINAL, GARY H. KARESH, JO ANN KARESH, BELCA D. SWANSON AND MERLE K. SWANSON individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>Defendants. | **CIVIL ACTION NO. 02-1927**<br><br>**CLASS ACTION**<br><br>**Chief Judge Donetta W. Ambrose** |
| ALBERT L. GLOVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>Defendants. | **CIVIL ACTION NO. 03-0288**<br><br>**CLASS ACTION**<br><br>**Chief Judge Donetta W. Ambrose** |

**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE**

EXHIBIT A
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

DC\1183620.2

# [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

WHEREAS, a proposed class action is pending before the Court entitled *Payne v. DeLuca*, Case No. 02-CV-1927 and *Glover v. DeLuca*, Case No. 03-0288 (the "Litigation"); and

WHEREAS, the Court has received the Stipulation of Settlement dated as of April 21, 2009 (the "Carlyle Stipulation"), that has been entered into by the Lead Plaintiffs and defendant The Carlyle Group (referred to herein as the "Parties"), and the Court has reviewed the Carlyle Stipulation and its attached Exhibits; and

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Carlyle Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Litigation as to The Carlyle Group and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court having read and considered the Carlyle Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Carlyle Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of this Settlement only, the Court hereby preliminarily certifies the Settlement Class defined in the Carlyle Stipulation at ¶ 1.20.

2. The Court does hereby preliminarily approve the Carlyle Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

3. A hearing shall be held before this Court on *Aug 4*, 2009, at *10:00* *a*.m., at the United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania, to determine

(a) whether the proposed settlement of the Litigation on the terms and conditions provided for in the Carlyle Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be approved by the Court; and (b) whether a Final Judgment and Order of Dismissal with Prejudice as provided in the Stipulation should be entered herein.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Thereon for publication (the "Summary Notice") annexed as Exhibits A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of The Garden City Group, Inc. (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as more fully set forth below:

(a) Lead Plaintiffs' Counsel shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, and not later than seventeen (17) days after the date of this Order (the "Notice Date"), Lead Plaintiffs' Counsel shall cause a copy of the Notice, substantially in the forms annexed as Exhibits A-1 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) Not later than twenty-one (21) calendar days after the Notice Date, Lead Plaintiffs' Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(d)     To the extent practicable, notice to the Settlement Class of the settlement embodied in the Carlyle Stipulation may be combined with notice to the Settlement Class of the settlement between Plaintiffs and the other defendants in the Litigation and Plaintiffs.

6.     Nominees who purchased the publicly traded shares of ITG common stock for the beneficial ownership of Settlement Class Members during the Class Period shall send the Notice to all beneficial owners of such ITG common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. Lead Plaintiffs' Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7.     At least seven (7) days prior to the Settlement Hearing, Lead Plaintiffs' Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing required by ¶¶ 5-6 above.

8.     All members of the Settlement Class, who do not submit a timely and valid request for exclusion in accordance with ¶ 10 below, shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

9.     Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Plaintiffs' Counsel and Defendants' Counsel a notice of such appearance. If they do not enter an appearance, they will be represented by Lead Plaintiffs' Counsel.

10. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. A Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify each of the Person's purchases and sales of ITG common stock made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; (c) provide proper evidence of the Person's purchases and sales of ITG common stock during the Class Period; and (d) state that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order of Dismissal with Prejudice entered in the Litigation.

11. Any Member of the Settlement Class may appear in person or by counsel and show cause, if he, she or it has any reason as to why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Settlement Class Member has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are postmarked not later than twenty-one (21) calendar days prior to the Settlement Hearing, on (a) Glancy Binkow & Goldberg, Attn: Lionel Z. Glancy, 1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067; and (b) Latham & Watkins LLP, Attn: Laurie B. Smilan and David A. Becker, 555 Eleventh Street, N.W., Suite 1000, Washington, DC 20004, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Western District of Pennsylvania, on or before twenty-one (21) calendar days prior to the Settlement Hearing. Any Member of the Settlement Class who does not make his, her or its

objection in the manner provided in this paragraph and ¶ 12 shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, unless otherwise ordered by the Court.

12. No Person other than the Parties or their counsel shall be heard unless the written objections served pursuant to ¶ 11 state: (1) the grounds for the Person's objections or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (2) whether that Person intends to present any witnesses; and (3) the Person's purchases and sales of ITG common stock made during the Class Period, including the dates and amounts of such stock purchased or sold, and the price paid or received for each such purchase or sale of such stock.

13. All papers in support of the settlement shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14. Neither the Carlyle Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by The Carlyle Group of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Lead Plaintiffs and/or the Settlement Class of any infirmity in the claims asserted in the Litigation.

15. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Party.

16. Pending final determination of whether the Settlement embodied in the Carlyle Stipulation should be approved, all proceedings and all discovery are stayed pending further order of the Court.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all

further applications arising out of or connected with the proposed settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated: *May 1*, 2009          *Donetta W. Ambrose*
                              THE HONORABLE
                              UNITED STATES DISTRICT COURT JUDGE