## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

WHEREAS, a proposed class action is pending before the Court entitled *Payne v. DeLuca*, Case No. 02-CV-1927 and *Glover v. DeLuca*, Case No. 03-0288 (the "Litigation"); and

WHEREAS, the Court has received the Stipulation of Settlement dated as of April 21, 2009 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and the Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Litigation on the merits and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of this Settlement only, the Court hereby preliminarily certifies the Settlement Class defined in the Stipulation at ¶1.23.

2. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

3. A hearing shall be held before this Court on *Aug. 4*, 2009, at *10:00A.m* __.m., at the United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania, to determine (a) whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be

approved by the Court; (b) whether a Final Judgment and Order of Dismissal with Prejudice as provided in the Stipulation should be entered herein; (c) whether the proposed Plan of Allocation should be approved; and (d) the amount of fees and expenses that should be awarded to Lead Plaintiffs' Counsel to be paid out of the Settlement Fund defined in the Stipulation at ¶1.26 (the "Settlement Hearing").

4.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Thereon for publication (the "Summary Notice") annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.      The firm of The Garden City Group, Inc. (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

(a)     Lead Plaintiffs' Counsel shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, and not later than seventeen (17) days after the date of this Order (the "Notice Date"), Lead Plaintiffs' Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)     Not later than twenty-one (21) calendar days after the Notice Date, Lead

Plaintiffs' Counsel shall cause the Summary Notice to be published once in *Investor's*

*Business Daily*; and

6.     Nominees who purchased the publicly traded shares of ITG common stock for the

beneficial ownership of Settlement Class Members during the Class Period shall send the Notice

and the Proof of Claim to all beneficial owners of such ITG common stock within ten (10)

calendar days after receipt thereof, or send a list of the names and addresses of such beneficial

owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which

event the Claims Administrator shall promptly send by first-class mail the Notice and Proof of

Claim to such beneficial owners. Lead Plaintiffs' Counsel shall, if requested, reimburse banks,

brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred

in providing notice to beneficial owners who are Settlement Class Members out of the Settlement

Fund, which expenses would not have been incurred except for the sending of such Notice,

subject to further order of this Court with respect to any dispute concerning such compensation.

7.     At least seven (7) days prior to the Settlement Hearing, Lead Plaintiffs' Counsel

shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or

declaration, of such mailing and publishing required by ¶¶ 5-6 above.

8.     All members of the Settlement Class, who do not submit a timely and valid

request for exclusion in accordance with ¶10 below, shall be bound by all determinations and

judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the

Settlement Class.

9.     Settlement Class Members who do not timely and validly effect their exclusion

from the Settlement Class, and who wish to participate in the Settlement, shall complete and

submit Proof of Claim forms in accordance with the instructions contained therein. Unless the

Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred

fifty (150) calendar days after the date of this order. Any Settlement Class Member who does

not submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Plaintiffs' Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

10.     Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Plaintiffs' Counsel and Defendants' Counsel a notice of such appearance. If they do not enter an appearance, they will be represented by Lead Plaintiffs' Counsel.

11.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. A Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify each of the Person's purchases and sales of ITG common stock made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; (c) provide proper evidence of the Person's purchases and sales of ITG common stock during the Class Period; and (d) state that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment and Order of Dismissal with Prejudice entered in the Litigation.

12.     Any Member of the Settlement Class may appear in person or by counsel and show cause, if he, she or it has any reason as to why the proposed settlement of the Litigation

should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the plaintiffs, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Settlement Class Member has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are postmarked not later than twenty-one (21) calendar days prior to the Settlement Hearing, on (a) Glancy Binkow & Goldberg, Attn: Lionel Z. Glancy, 1801 Avenue of the Stars, Suite 311, Los Angeles, CA 90067; (b) Latham & Watkins LLP, Attn: David A. Becker, 555 Eleventh Street, N.W., Suite 1000, Washington, DC 20004; (c) Fox Rothschild LLP, Attn: Charles A. DeMonaco, 625 Liberty Avenue, Pittsburgh, Pennsylvania 15222; and (d) Eckert Seamans Cherin & Mellott, LLP, Attn: Mark A. Willard, 600 Grant Street, 44th Floor, Pittsburgh, Pennsylvania 15219, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Western District of Pennsylvania, on or before twenty-one (21) calendar days prior to the Settlement Hearing.

13.     No Person other than the Parties or their counsel shall be heard unless the written objections served pursuant to ¶ 12 state:  (1)  the grounds for the Person's objections or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (2) whether that Person intends to present any witnesses; and (3) the Person's purchases and sales of ITG common stock made during the Class Period, including the dates and amounts of such stock purchased or sold, and the price paid or received for each such purchase or sale of such stock.

14.     Any Member of the Settlement Class who does not make his, her or its objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and

expenses to counsel for the plaintiffs, unless otherwise ordered by the Court.

15.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a member of the Settlement Class, Lead Plaintiffs or Lead Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees or reimbursement of expenses or by Lead Plaintiffs for reimbursement of their expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

18.     Defendants, their Related Parties, and Defendants' Counsel shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Plaintiffs' Counsel or the Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

19.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiffs' Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

20.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶7.6 of the Stipulation.

21.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as:  (1) an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Lead Plaintiffs and/or the Settlement Class of any infirmity in the claims asserted in the Litigation.

22.     Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Person.

23.     Pending final determination of whether the Settlement should be approved, all proceedings and all discovery are stayed pending further order of the Court.

24.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated: __5/7__, 2009

_____
THE HONORABLE
UNITED STATES DISTRICT COURT JUDGE