UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS L. PAYNE, SID ARCHINAL, GARY H. KARESH, JO ANN KARESH, BELCA D. SWANSON AND MERLE K. SWANSON individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>Defendants. | CIVIL ACTION NO. 02-1927<br><br>**CLASS ACTION**<br><br>**Chief Judge Donetta W. Ambrose** |
| ALBERT L. GLOVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>Defendants. | CIVIL ACTION NO. 03-0288<br><br>**CLASS ACTION**<br><br>**Chief Judge Donetta W. Ambrose** |

**[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS AGAINST THE INDIVIDUAL DEFENDANTS**

## [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS AGAINST THE INDIVIDUAL DEFENDANTS

On the eleventh day of August, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated April 21, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Individual Defendants in the Complaint now pending in this Court under the above caption, including the release of the Individual Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the publicly-traded shares of IT Group, Inc. ("ITG") common stock on the open market during the period October 21, 1998 through January 15, 2002, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of ITG's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and

expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation and unless otherwise defined herein, all terms used herein shall have the same meanings as set forth in the Stipulation. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Individual Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. For the purposes of this Settlement only, the Action shall be certified as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a plaintiff class (the "Settlement Class" or the "Class") consisting of all Persons (including Lead Plaintiffs and other named plaintiffs) who purchased ITG common stock during the period October 21, 1998 through January 15, 2002, inclusive (the "Class Period"). Excluded from the Settlement Class are all defendants in the Action; the members of Individual Defendants' immediate families; all individuals who-served as officers or directors of ITG or its subsidiaries

at any time during the Settlement Class Period; any person, firm, trust, corporation, or entity in which any defendant in the Action has a controlling interest or any entity which is related to or affiliated with any defendant in the Action; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons. Also excluded from the Settlement Class are those persons who timely and validly requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is hereby approved as fair, reasonable, and adequate. The Class Members and the Parties are authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the complaints are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Individual Defendants.

7. Lead Plaintiffs and all Class Members, on behalf of themselves and on behalf of the other Plaintiffs' Corresponding Released Parties, are hereby permanently barred and enjoined from asserting or maintaining against each and every Individual Defendant and, whether or not identified in any complaint filed in the Action, each Individual Defendant's past or present attorneys, agents, representatives, insurers, spouses, administrators, executors, heirs, beneficiaries and assigns or any members of their immediate families, or any trusts for which any of them are trustees, settlors or beneficiaries, any of the Released Plaintiffs' Claims. The Released Plaintiffs' Claims are hereby compromised, settled, released, discharged and dismissed as against the Individual Defendants and Defendants' Corresponding Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

8. The Individual Defendants, on behalf of themselves and their successors and assigns, shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished and discharged Lead Plaintiffs, and each of them, and their respective past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys (including Lead Counsel and any other counsel who appeared in, worked on or referred any client for this Action), investment bankers, commercial bankers, underwriters, financial or investment advisors, consultants, accountants, insurers, reinsurers, assigns, spouses, heirs, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlors or beneficiaries, from the Released Defendants' Claims.

9. Neither this Final Judgment and Order of Dismissal, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are

without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Second Amended Complaint would not have exceeded the Gross Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' Counsel are hereby awarded __33 1/3__ % of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $__256,511.17__ in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Parties for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment and Order of Dismissal, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the D&O Insurer then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. Pursuant to 15 U.S.C. § 78u-4(f)(7)(A), the Court hereby bars all future claims for contribution arising out of the Action that are required to be barred by 15 U.S.C. § 78u-4(f)(7)(A). For purposes of clarification, this Bar Order does not bar any claims that are not specifically required to be barred by 15 U.S.C. § 78u-4(f)(7)(A). Moreover, except as specifically required by such section, this Bar Order does not limit the rights of any of the Individual Defendants to bring any claims not specifically required to be barred by such section against any person, and does not limit the rights of any of the Individual Defendants to bring any claims against any person not specifically protected by such section. To the extent any definition, term or provision set forth in this Order or in the Stipulation could be interpreted to bar claims not specifically barred by this Paragraph 15, such definition, term or provision shall not bar, nor shall such definition, term or provision be construed so as to bar, any such claims.

16. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

///

17. There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:

*[signature]*
Honorable Donetta W. Ambrose
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# EXHIBIT 1

*Payne et al. v. DeLuca et al.,* No. 02-1927; *Glover v. DeLuca et al.,* No. 03-0288

## LIST OF TIMELY REQUESTS FOR EXCLUSION

1. Tommy G. Lindsey and Dorothy K. Lindsey (Joint Account), Claim #10000535