UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS L. PAYNE, SID ARCHINAL, GARY H. KARESH, JO ANN KARESH, BELCA D. SWANSON AND MERLE K. SWANSON individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>Defendants. | CIVIL ACTION NO. 02-1927<br><br>**CLASS ACTION**<br><br>Chief Judge Donetta W. Ambrose |
| ALBERT L. GLOVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY J. DeLUCA, HARRY J. SOOSE, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, DANIEL A. D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, JAMES DAVID WATKINS, and THE CARLYLE GROUP,<br><br>Defendants. | CIVIL ACTION NO. 03-0288<br><br>**CLASS ACTION**<br><br>Chief Judge Donetta W. Ambrose |

### [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS AGAINST DEFENDANT THE CARLYLE GROUP

## [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS AGAINST DEFENDANT THE CARLYLE GROUP

On the eleventh day of August, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement between Plaintiffs and the Carlyle Group dated April 21, 2009 (the "Carlyle Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Carlyle Group in the Complaints now pending in this Court under the above caption, including the release of the Carlyle Group and the Released Parties, and should be approved; and (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Carlyle Group and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the publicly-traded shares of IT Group, Inc. ("ITG") common stock on the open market during the period October 21, 1998 through January 15, 2002, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of ITG's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Investor's Business Daily* pursuant to the specifications of the Court; and all capitalized terms used herein having the meanings as set forth and defined in the Carlyle Stipulation,

//

//

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Carlyle Stipulation, and all terms used herein shall have the same meanings as set forth in the Carlyle Stipulation. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Carlyle Group.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. For the purposes of this Settlement only, the Action shall be certified as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a plaintiff class (the "Settlement Class" or the "Class") consisting of all Persons (including Lead Plaintiffs and other named plaintiffs) who purchased ITG common stock during the period October 21, 1998 through January 15, 2002, inclusive (the "Class Period"). Excluded from the Settlement Class are all defendants in the Action; the members of the defendants' immediate families; all individuals who served as officers and directors of ITG or its subsidiaries at any time during the Settlement Class Period; any person, firm, trust, corporation, or entity in which any defendant in the Action has a controlling interest or any entity which is related to or

affiliated with any defendant in the Action; and the legal representatives, agents, affiliates, heirs, successors and assigns of any such excluded persons. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is hereby approved as fair, reasonable, and adequate. The Class Members and the parties are authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Carlyle Stipulation, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the complaints are hereby dismissed with prejudice and without costs, except as provided in the Carlyle Stipulation, as against the Carlyle Group.

7. Lead Plaintiffs and all Class Members, on behalf of themselves and on behalf of the other Plaintiff's Corresponding Released Parties, are hereby permanently barred and enjoined from asserting or maintaining against the Carlyle Group and, whether or not identified in any

complaint filed in the Action, the Carlyle Group's past or present directors, officers, employees, partners, members, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, investment bankers, commercial bankers, underwriters, financial or investment advisors, consultants, accountants, insurers, reinsurers, assigns, spouses, heirs, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlors or beneficiaries, any claims (including, but not limited to, any claims arising under federal, state or common law, or the law of any foreign country, including the federal securities laws and any state or foreign disclosure laws, and also including Unknown Claims), rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, that were or that could have been alleged in the Action, or in any other action or proceeding relating to the purchase of ITG common stock during the Settlement Class Period, or which have arisen, could have arisen, arise now, or hereafter may arise out of, or relate in any manner to the matters complained of or which could have been complained of in the Action (collectively, the "Released Claims"). The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Carlyle Group on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

8.  The Carlyle Group, on behalf of itself and its successors and assigns, shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished and discharged Lead Plaintiffs, and each of them, and their respective past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint

ventures, attorneys (including Lead Counsel and any other counsel who appeared in, worked on or referred any client for this Action), investment bankers, commercial bankers, underwriters, financial or investment advisors, consultants, accountants, insurers, reinsurers, assigns, spouses, heirs, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlors or beneficiaries, from any claims (including Unknown Claims), rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and any issues of any kind or nature whatsoever arising out of the institution, prosecution, settlement or resolution of the Action (the "Released Defendants' Claims").

9. Neither this Final Judgment and Order of Dismissal, the Carlyle Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Carlyle Group as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Carlyle Group with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Carlyle Group;

(b) offered or received against the Carlyle Group as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Carlyle Group;

(c) offered or received against the Carlyle Group as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or

wrongdoing, or in any way referred to for any other reason as against any of the Carlyle Group, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Carlyle Stipulation; provided, however, that the Carlyle Group may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Carlyle Group as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Carlyle Group have any merit, or that damages recoverable under the Second Amended Complaint would not have exceeded the Gross Settlement Fund.

10. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

11. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Parties for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Carlyle Stipulation and this Final Judgment and Order of Dismissal.

12. In the event that the Settlement does not become effective in accordance with the terms of the Carlyle Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Carlyle Stipulation and shall be vacated and, in such

event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Carlyle Stipulation.

13. Pursuant to 15 U.S.C. § 78u-4(f)(7) & (10), the Carlyle Group is a settling covered persons under the PSLRA. Accordingly, to the full extent provided by the PSLRA and 15 U.S.C. § 78u-4(f)(7)(A), the Court hereby bars all future claims for contribution arising out of the Action:

    (a) By any person against the Carlyle Group, and

    (b) By the Carlyle Group against any person, other than a person whose liability has been extinguished by operation of the settlement of the Carlyle Group.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Carlyle Stipulation.

15. There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:

                                        */s/ Donetta W. Ambrose*
                                Honorable Donetta W. Ambrose
                                UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# EXHIBIT 1

*Payne et al. v. DeLuca et al.,* No. 02-1927; *Glover v. DeLuca et al.,* No. 03-0288

## LIST OF TIMELY REQUESTS FOR EXCLUSION

1. Tommy G. Lindsey and Dorothy K. Lindsey (Joint Account), Claim #10000535